[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: MOTION FOR SANCTIONS (#107)MOTION TO COMPEL (#108)OBJECTION (#109)
Defendant did not appear at a deposition noticed by plaintiff for November 18, 1997. Depositions of the defendant had been noticed and rescheduled (at the request of the defendant) on a number of prior occasions.
"Any party may be compelled by notice to give a deposition . . . The giving of notice prescribed by [the Practice Book], unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice . . . All questions . . . are to be answered . . . unless the objecting party procures from the court a protective order . . ." Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, CT Page 4524 143 (1984). Practice Book Sec. 13-5 provides that "[u]pon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression . . .including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . ."
Defendant's Objection to the plaintiff's motions to compel and for sanctions is predicated upon her recurrent psychological problems and present treatment with a psychiatrist; defendant has annexed to her Objection a one paragraph letter from her treating therapist. With reference to imposition of sanctions, defendant's non-appearance at the noticed deposition(s) was not intentional, willful, or in bad faith. cf. Pavlinko v. Yale-New HavenHospital, supra at p. 144.
Defendant's Objection (#109) is Sustained, subject to the following:
(1) defendant's deposition may be re-noticed after the expiration of sixty (60) days from the date hereof;
(2) absent the obtaining of a protective order by defendant, plaintiff may renew her motion for sanctions and/or compliance if defendant does not appear at a re-noticed deposition and submit to examination and cross-examination; and,
(3) any motion for a protective order based on defendant's recurrent condition should be accompanied with detailed medical substantiation.
Consistent with the aforesaid, plaintiff's Motion forSanctions (#107) and Motion to Compel (#108) are Denied, without prejudice.
Mulcahy, J.